UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RABI CHANDRA KHANAL (A-Number: 401-935-572),<br><br>Petitioner,<br><br>v.<br><br>RON MURRAY, *et al.*,<br><br>Respondents. | Case No.  1:26-cv-2606-DC-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Rabi Chandra Khanal is a Nepalese citizen who arrived in the United States on February 23, 2018.  On March 31, 2026, petitioner was arrested by ICE but was released in April 2026 pursuant to a bond hearing held on the court's order.  Respondents now move to dismiss the petition as moot.  Petitioner, proceeding with counsel, opposes respondent's motion.  For the following reasons, I recommend that respondents' motion be denied, the petition be granted, and the court issue permanent injunctive relief.

**Background**

Petitioner Rabi Chandra Khanal is a Nepalese citizen who entered the United States on a visa on February 23, 2018.  ECF No. 1 at 2.  Petitioner applied for asylum within one year of his arrival.  *Id.*  On March 31, 2026, petitioner was detained by ICE.  *Id.*

1

**Procedural History**

Petitioner, proceeding through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion for a temporary restraining order. ECF No. 1; ECF No. 2. Petitioner requested his release, as well as an order that respondents be enjoined from detaining petitioner in the future without compliance with statutory and constitutional law. ECF No. 1 at 18. On April 9, 2026, the court granted petitioner's motion for a temporary restraining order and ordered respondents to provide a bond hearing. ECF No. 8. Respondents provided a bond hearing on April 21, 2026, at which petitioner was granted release on a $3,000 bond. ECF No. 10-1. Petitioner was released from ICE custody on April 23, 2026. ECF No. 10-2.

After granting petitioner's motion for a temporary restraining order and issuing a preliminary injunction on the same terms, the court referred the matter to me for further proceedings. ECF No. 8. I ordered the parties to file status reports by May 5, 2026, addressing any anticipated motions and the parties' plans for how to proceed with litigation. ECF No. 9. Respondents filed a status report on May 5, 2026, confirming that a bond hearing took place and that petitioner was released. ECF No. 10. Respondents indicated that petitioner "is not agreeable to voluntary dismissal and intends to proceed with the habeas [p]etition." *Id.* I set a briefing schedule. ECF No. 11. Respondents filed a motion to dismiss on May 11, 2026, arguing that the petition is moot in light of petitioner's release on bond. ECF No. 12. On May 22, 2026, petitioner filed his opposition arguing that the matter is not moot. ECF No. 14.

**Analysis**

Respondents move to dismiss the petition as moot because petitioner has been released from ICE custody pursuant to a bond hearing ordered by this court. ECF No. 12 at 1. Petitioner opposes dismissal on the ground that he continues to suffer ongoing collateral consequences, including immigration supervision and a "concrete possibility of re-detention during the pendency of removal proceedings." ECF No. 14 at 2.

"The party asserting mootness has the heavy burden of establishing that there is no effective relief remaining for a court to provide." *GATX/Airlog Co. v. U.S. Dist. Ct. for N. Dist. of California*, 192 F.3d 1304, 1306 (9th Cir. 1999). The issuance of a preliminary injunction does

not automatically establish "that there is no effective relief remaining for a court to provide." *See id*. On the contrary, a preliminary injunction is temporary and dissolves when a final judgment is entered. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093 (9th Cir. 2010).

Petitioner's release from detention pursuant to a bond hearing ordered by this court does not moot the case because, without a permanent injunction, he still faces "the threat of re-arrest and mandatory detention." *See Nielsen v. Preap*, 586 U.S. 392, 403 (2019) (plurality opinion); *see also Diouf v. Napolitano*, 634 F.3d 1081, 1084 n.3 (9th Cir. 2011), *reversed on other grounds by Johnson v Arteaga-Martinez*, 596 U.S. 573 (2022). Moreover, in issuing the preliminary injunction, the court did not mandate release or prohibit re-detention. ECF No. 8. As petitioner faces ongoing potential collateral consequences, the case is not moot. *See Phan v. Becerra*, No. 2:25-cv-1757-DC-JDP, 2026 WL 622201, at *2 (E.D. Cal. Mar. 5, 2026), *report and recommendation adopted*, 2026 WL 927930 (E.D. Cal. Apr. 3, 2026) (finding petitioner's release pursuant to preliminary injunction did not moot case); *see also Gonzalez-Fuentes v. Warden*, No. 2:26-cv-00660-DAD-CSK, 2026 WL 915041, at *2 (E.D. Cal. Apr. 3, 2026) ("If the petition is not adjudicated on the merits, Petitioner faces a risk of future re-detention in the same manner that this Court barred through preliminary relief.").

In their motion to dismiss, respondents rely on two decisions of the Court of Appeals, neither of which supports their position. *See* ECF No. 12 at 1-2. First, in *Picrin-Peron v. Rison*, the petitioner was voluntarily released from custody while his petition was pending. 930 F.2d 773, 774-75 (9th Cir. 1991). The Court of Appeals held that the case was moot because the government filed a declaration stating that "[a]bsent [petitioner's] reinvolvement with the criminal justice system, a change in the Cuban government enabling him to return to Cuba, or the willingness of a third country to accept him, he will be paroled for another year." *Id*. at 776 (second alteration added). Notably, a party "claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 190 (2000). Here, unlike in *Picrin-Peron*, respondents have not provided any

3

evidence demonstrating that petitioner "could not reasonably be expected" to be re-detained. *See id*.; *see also Diouf*, 634 F.3d at 1084 n.3 (distinguishing *Picrin-Peron* where "[t]he government has offered no assurance that [petitioner] will not be redetained").

Second, in *Abdala v. I.N.S.*, the Court of Appeals held that "[f]or a habeas petition to continue to present a live controversy after the petitioner's release or deportation, . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." 488 F.3d 1061, 1064 (9th Cir. 2007). Here, as noted, there is a remaining "collateral consequence" in that petitioner could be re-detained after the preliminary injunction expires (i.e., when judgment is entered). *See id.* Accordingly, this case presents a live controversy.

Respondents also provide a list of decisions of this court that they assert support dismissal for mootness in this case. ECF No. 12 at 2-3. The majority of these habeas petitions were dismissed for mootness because the government removed the petitioner from the United States and terminated removal proceedings. [1] *See Diestra Eleorreiaga v. Warden of Golden State Annex*, No. 1:26-cv-0680-TLN-JDP, 2026 WL 622844, at *2 (E.D. Cal. Mar. 5, 2026), *report and recommendation adopted sub nom. Harold D.E. v. Andrews*, 2026 WL 896161 (E.D. Cal. Apr. 1, 2026) (removal to Peru); *Sandhu, v. Wofford, et al.*, No. 1:25-cv-0972-KES-EPG, 2025 WL 3523036 (E.D. Cal. Dec. 9, 2025), *report and recommendation adopted*, 2026 WL 714629 (E.D. Cal. Mar. 13, 2026) (removal to India); *Vay, v. Chestnut, et al.*, No. 1:25-cv-1810-SKO, 2026 WL 675130, at *1 (E.D. Cal. Mar. 10, 2026) (removal to Vietnam); *Saeturn v. Charles*, No. 1:25-cv-1712-KES-CDB, 2026 WL 227125, at *2 (E.D. Cal. Jan. 28, 2026), *report and recommendation adopted*, 2026 WL 825758 (E.D. Cal. March 24, 2026) (removal to Laos); *Nadyrov v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-0754-JLT-EPG, 2025 WL 3555166, at *1 (E.D.

---

[1] Other cases cited by respondents arise from inapposite procedural scenarios: *See Singh v. Warden*, No. 1:25-cv-1657-JLT-SKO, 2026 WL 191594 (E.D. Cal. Jan. 21, 2026), *report and recommendation adopted*, 2026 WL 498156, at *1 (E.D. Cal. Feb. 23, 2026) (moot because the petitioner placed in criminal detention); *Harutyunyan v. Warden of the Golden State Annex Det. Facility*, No. 1:25-cv-0859-HBK, 2025 WL 3467495, at *2 (E.D. Cal. Dec. 2, 2025) (moot because respondent granted petitioner asylum and terminated removal case); *Colin v. Warden*, No. 1:23-cv-0127-CDB-JLT, 2025 WL 2260049, at *2 (E.D. Cal. July 25, 2025), *report and recommendation adopted*, 2025 WL 2373532 (E.D. Cal. Aug. 14, 2025) (petition by federal criminal inmate requesting earned time credits rendered moot when inmate was released).

4

Cal. Dec. 11, 2025), *report and recommendation adopted*, 2026 WL 147983 (E.D. Cal. Jan. 20, 2026) (removed from United States); *Nguyen v. Field Off. Dir.*, No. 1:24-cv-1579-KES-EPG, 2025 WL 1864885, at *1 (E.D. Cal. June 4, 2025), *report and recommendation adopted*, 2025 WL 2106696 (E.D. Cal. July 28, 2025) (removed to Vietnam).  In contrast, petitioner remains in the United States, and removal proceedings are ongoing.

Accordingly, I find that respondents have not met their "heavy burden of establishing that there is no effective relief remaining for a court to provide."  *See GATX/Airlog Co*, 192 F.3d at 1306.  On the contrary, because petitioner faces the possibility of unlawful re-detention absent court action, there is a remaining collateral consequence that may be redressed by success on the petition.  *See Abdala*, 488 F.3d at 1064; *Diouf*, 634 F.3d at 1084 n.3

Having found that the habeas petition is not moot, I must address its merits.  *See R.C.C. v. Noem*, No. 1:26-cv-0373-TLN-EFB, 2026 WL 369796 (E.D. Cal. Feb. 10, 2026) (granting permanent relief after issuing a temporary restraining order releasing petitioner).  The court found, on April 9, 2026, that petitioner was likely to succeed on his claims that his detention violated the law, and it issued a temporary restraining order and a preliminary injunction requiring that he be provided a bond hearing in immigration court.  ECF No. 8.  Respondent released petitioner on bond.  ECF No. 10-2.

Other than moving to dismiss for mootness, respondents have not provided any additional briefing or evidence.  Petitioner asks that the court rule on the merits of the habeas petition and has not provided any additional evidence.  ECF No. 14 at 3.  The record remains the same as when the court entered its previous order and supports the grant of permanent relief.

For the same reasons identified in the court's order granting petitioner's motion for preliminary relief, ECF No. 8, and consistent with the reasoning in *Chateauneuf v. Chestnut*, No. 1:26-cv-1073-DC-JDP, 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026), I recommend that petitioner's habeas corpus petition be granted on its procedural due process claim and that the

preliminary injunction be converted to a permanent injunction. *See Gallegos v. Chestnut*, No. 1:26-cv-0320-DAD-SCR, 2026 WL 1415300 (E.D. Cal. May 20, 2026).

### Conclusion

Based on the foregoing, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 12, be DENIED.

2. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

3. Respondent be enjoined and restrained from re-detaining petitioner without first providing at least seven days' notice and holding a constitutionally compliant pre-deprivation hearing before a neutral arbiter at which petitioner has the right to counsel and the government bears the burden of justifying petitioner's detention by clear and convincing evidence.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 25, 2026                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6